# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:17-cr-00078 |
| ) | Judge Aleta A. Trauger |
| ) | |
| LACORTEZ DAVIS & ) | |
| JOSHUA STRICKLAND ) | |

## MEMORANDUM AND ORDER

Defendant Strickland has filed a Motion to Sever Defendants (Docket No. 93), to which the government has responded in opposition (Docket No. 94).

> Federal Rule of Criminal Procedure 8(b) governs the joinder of defendants and states: The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b), Fed. R. Crim. Proc. Rule 8(b) is generally interpreted to require only a "logical interrelationship" between the acts and transactions alleged and the parties involved. *United States v. Lloyd*, 10 F.3d 1197, 1214–15 (6th Cir. 1993). Rule 8 is to be construed "in favor of joinder"; however, the court has no discretion to deny a motion to sever in the event of misjoinder. *United States v. Hatcher*, 680 F.2d 438, 440–41 (6th Cir. 1982).

Strickland contends that, in determining whether joinder is proper pursuant to Rule 8(b), courts look only to the content of the indictment. In support, he cites *United States v. Lewis*, 363 F. App'x 382, 390 (6th Cir. 2010). Yet, critically, *Lewis* does not state that the Sixth Circuit looks *only* to the content of the indictment. The sentence Strickland relies upon contains no such limiting language. *See id*. at 390 ("We look to the allegations in the indictment to determine

1

whether joinder was proper."). In fact, the very next sentence elaborates that the Sixth Circuit does *not* only look to the content of the indictment: "We have at other times, however, also considered the government's proof when assessing the propriety of joinder." *Id*; *see United States v. Saleh*, 875 F.2d 535, 538 (6th Cir. 1989) (considering government's trial evidence in Rule 8(b) analysis); *United States v. Hatcher*, 680 F.2d at 442 (same).

"In determining whether offenses are based on acts or transactions connected together, the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *United States v. Franks*, 511 F.2d 25, 29 (6th Cir. 1975) (internal quotation marks omitted). Given the "preference in the federal system for joint trials," *Zafiro v. United States*, 506 U.S. 534, 537 (1993), the court is unconvinced by Strickland's narrow interpretation of Rule 8(b).[1] And, upon consideration of the government's allegations, the court finds that the defendants were properly joined under Rule 8(b).

The government alleges that the defendants engaged in a gun battle at a market. To establish that both defendants were illegally in possession of firearms, the government will call witnesses who will state that they observed the defendants holding guns during the shooting in the market. Some of these witnesses will be called to establish that each defendant possessed a firearm and, were severance granted, would have to be called at separate trials to give essentially the same testimony. These facts are thus logically interrelated so as to make joinder proper. *See United States v. Frost*, 125 F.3d 346, 390 (6th Cir. 1997) (finding joinder proper where

---

[1] In arriving at this conclusion, the court notes that the Sixth Circuit has specifically held that "[w]hether joinder was proper *under Rule 8(a)* is determined by the allegations on the face of the indictment." *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (emphasis added). That the Sixth Circuit has made no similar pronouncement with regard to Rule 8(b) supports a more liberal approach.

2

"[s]evering either the defendants or the counts . . . would have required the government to prove repeatedly the same series of transactions.").

This case is distinguishable from situations where the Sixth Circuit has found defendants misjoined. For example, in *Saleh*, the court held that two men convicted of unreported export of currency were improperly joined, despite the fact that they traveled to the United States together and were arrested at the airport trying to leave the country together, each carrying an illegal amount of unreported currency. The court found that joinder was improper because "[i]t was not necessary to either case, and the prosecution did not prove, that these defendants conspired or otherwise participated *jointly* in any proscribed *conduct*." *United States v. Saleh*, 875 F.2d at 538 (emphasis in original). The government plans to offer evidence that the defendants both possessed firearms during a gun battle in which they shot at each other. Whereas in *Saleh*, "[t]he only alleged joint activity . . . involved sitting side-by-side on airliners and traveling together within this country—none of which was legally offensive," *id*, the alleged joint activity here—shooting at each other—necessarily requires that each defendant criminally possessed a gun.

Strickland does not show that joinder was improper under Rule 8(b). Therefore, his Motion to Sever Defendants (Docket No. 93) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge